# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIE SCOTT,                                                                                    PLAINTIFF
ADC # 70908


V.                              5:13CV00330 BSM/JTR


AMANDA GRAY, Nurse, Varner Unit Infirmary; and
AMANDA SHEA WATT, Nurse, Varner                                        DEFENDANTS
Unit Infirmary


# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no

objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Willie Scott, is incarcerated in the Varner Unit of the Arkansas Department of Corrections ("ADC"). In this *pro se* § 1983 action, Plaintiff alleges that: (1) in April of 2012, Defendant Watt ("Watt"), a nurse at the Varner Unit, did not properly dispense his medication to treat his diabetes, high blood pressure, and fluid retention; and (2) in May of 2012, Defendant Gray ("Gray"), a nurse at the Varner Unit, delayed treating a 1/4 inch cut on his finger.[1] *Docs. 2 & 6.*

Gray and Watt have filed a Motion for Summary Judgment arguing that, based on the undisputed facts, they are entitled to judgment, as a matter of law, on Plaintiff's inadequate medical care and delay in medical treatment claims. *Doc. 65.* In support of their Motion, Defendants have filed a Brief in Support and a Statement of Facts, based on an Affidavit of Dr. Floss. *Docs. 66, 67, Ex. A.*

Plaintiff has filed a Response and Supporting Brief, a Statement of Facts, and

---

[1] Plaintiff's Complaint included other Defendants and claims; however, he voluntarily dismissed them after they moved for summary judgment for failure to exhaust his administrative remedies against them. *Docs. 37, 42, & 49.* The two Defendants that remain admit he exhausted the claims as to them. *Doc. 79 at 3.*

a Supplemental Response, which includes Defendants' Response to Plaintiff's Request for Admission *Docs. 74, 75, 76 & 79.*

Before addressing the merits of Defendants' Motion for Summary Judgment, the Court will outline the relevant materials facts, none of which are disputed.

## II. Facts

1. Between March 25, 2012, and April 2, 2012, Watt failed to provide Plaintiff with the following medications: (a) HCTZ for blood pressure; (b) aspirin to thin his blood; and (c) Metformin for Type II diabetes. *Docs. 6, 37, Ex. 3, & 67.*

2. According to the Affidavit of Dr. Robert Floss,[2] he has reviewed Plaintiff's medical records and found that, on February 17, 2012, Plaintiff's Hemoglobin A1c level was 6 and on September 20, 2012, it was 6.5. He found both of these reading good, and stated that A1c reading in the 6.0 to 6.5 range indicate Plaintiff's Type II diabetes was under control between February 17, 2012, and September 20, 2012. He concluded, "[a]t these levels, there was no medical harm in [Plaintiff] missing doses of Metformin" for the nine day period from March 25, 2012, to April 2, 2012. *Doc. 67, Ex. A*.

3. Finally, Dr. Floss found that there is nothing to indicate that Plaintiff had

---

[2]Dr. Floss is the Associate Regional Medical Director of Correct Care Solutions, the medical care provider for inmates housed within various units of the ADC. *Doc. 67, Ex. A.*

any medical problems caused by the missed medications or otherwise suffered any detrimental health effects. *Doc. 67, Ex. A*.

4.  On May 4, 2012, Plaintiff filed an emergency grievance stating that he was cleaning a water fountain and cut his little finger. According to Plaintiff, he told a guard that he was a diabetic and his finger was bleeding. He asked the guard to call the infirmary. *Doc. 37, Ex. 4*.

5.  Plaintiff alleges that the guard called the infirmary and Gray instructed him to tell Plaintiff to fill out a sick call slip.[3] *Doc. 37, Ex. 4*.

6.  On May 10, 2012, Plaintiff was seen by a non-Defendant nurse. The nurse noted the cut showed no signs of drainage or swelling. The cut was cleaned with soap and water and a triple antibiotic ointment was applied along with a bandage. *Doc. 67, Ex. A*.

7.  On May 21, 2012, Plaintiff was seen by a non-Defendant APN in chronic care and she noted the cut on Plaintiff's finger had fully healed. *Doc. 67, Ex. A*.

8.  According to Dr. Floss: "[T]he 1/4 inch cut on [Plaintiff's] finger was not a serious medical need. Further, an instruction from Gray for [P]laintiff to put in a sick call for a minor finger cut was medically appropriate. If the officer thought the cut [on Plaintiff's little finger] was serious, it was the officer's responsibility to escort

---

[3] It is unclear if or when the Plaintiff submitted a sick call slip.

[Plaintiff] to the infirmary." *Doc. 67, Ex. A*.

### III. Discussion

In *Estelle v. Gamble*, 429 U.S. 97, 104-08 (1976), the Court held that the Eighth Amendment's cruel and unusual punishment clause allows prisoners to sue prison officials who are deliberately indifferent to their serious medical needs. To succeed on an inadequate medical care claim, a prisoner must prove that: (1) he had an objectively serious medical need; and (2) prison officials subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Moreover, negligence, gross negligence, or a mere disagreement with the treatment decisions does not rise to the level of a constitutional violation. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

**A. Plaintiff's Inadequate Medical Care Claim Against Watt**

Plaintiff claims that, for nine days, Watt failed to provide him with his medications for high blood pressure and Type II diabetes, and an aspirin to thin his blood. There *is no evidence* that Plaintiff suffered any adverse health effects as a result of not receiving these medications for nine days. Furthermore, Dr. Floss makes it clear in his Affidavit that, after reviewing Plaintiff's medical records (including comparing

5

Plaintiff's A1c before and after the nine day period that he missed his medications), it is his medical opinion that Plaintiff suffered no medical harm from missing those medications for such a short period of time. *See Hines v. Anderson;* 547 F.3d 915, 920-21(8th Cir. 2008) (holding that unspecified delays in refilling the prisoners' various prescriptions did not rise to the level of constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (finding that a month long delay in refilling pretrial detainee's antidepressant prescription was not a constitutional violation).

To prevail on an inadequate medical care claim, Plaintiff must establish that Watt's "unconstitutional actions in fact caused his injuries." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Plaintiff has offered no evidence to show that he was medically harmed by Watt's actions or inactions associated with Plaintiff not receiving his medications for nine days. *See Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011)(to defeat summary judgment, a prisoner must produce verifying medical evidence establishing that he was harmed by the delay). Furthermore, the uncontroverted Affidavit of Dr. Floss establishes that, in his expert medical opinion, Plaintiff was in no way harmed from missing those medications for such a short period of time.

Accordingly, Watt is entitled to summary judgment and Plaintiff's inadequate

medical care claim against her should be dismissed, with prejudice.[4]

**B. Plaintiff's Delay in Treatment Claim Against Gray**

A medical need is "objectively serious" if it has been "diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *McRaven v. Sanders,* 577 F.3d 974, 982 (8th Cir. 2009). According to Dr. Floss' uncontroverted Affidavit, the 1/4 inch cut on Plaintiff's little finger did not rise to the level of a serious medical need. While Dr. Floss' opinion is relevant to the nature and extent of Plaintiff's injury, which at best was a minor cut (less that 1/4 inch in length, did not require stitches, and was largely healed on May 10, 2012, six days after Plaintiff received the cut), he is not qualified to offer an opinion on the *legal question* of whether the cut on Plaintiff's little finger rose to the level of a "serious medical need."

Even if the Court assumes that the small cut on Plaintiff's little finger constituted a serious medical need, Plaintiff has offered *no evidence* that Gray was

---

[4]Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

deliberately indifferent to that need. Plaintiff admits that, when the officer called Gray and told her Plaintiff had cut his finger, Gray instructed the officer to tell Plaintiff to fill out a sick call request so that he could be seen in the infirmary. In Dr. Floss's opinion, Gray's response was medically appropriate, in light of the minor nature of the cut.

Rather than follow Gray's instructions and complete the sick call request on May 4, 2012, the day he cut his finger, Plaintiff filed an "emergency grievance." It is unclear when or if he ever filed a sick call request but he was seen in the infirmary for his cut finger on May 10, 2012. By that time, the cut had largely healed and the nurse described the wound as showing no sign of "drainage or swelling." The only treatment provided was an antibiotic ointment and a band-aid. On May 21, 2012, Plaintiff was again seen in the infirmary. The medical notes indicate that the cut had fully healed.

Suffice it to say, based on the undisputed facts, there is nothing that suggests Gray was deliberately indifferent to Plaintiff's serious medical needs. If he had followed her directions and immediately submitted a sick call request, it is likely he would have been taken to the infirmary on May 4 or 5. However, in any event, when he was taken to the infirmary, on May 10, 2012, the small cut on his finger was well on the way to being healed and required only superficial treatment (antibiotic ointment

and a band-aid). Thus, this six day delay in receiving medical treatment for a small cut on Plaintiff's little finger caused him no medical harm. *See Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir. 1997)("An inmate who complains that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.").

Accordingly, as a matter of law, Gray is entitled to summary judgment and Plaintiff's inadequate medical care claim against her should be dismissed, with prejudice.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (*Doc. 65*) be GRANTED.

2. All claims against Gray and Watt be DISMISSED, WITH PREJUDICE.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be take in good faith.

Dated this 1st day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE